# EXHIBIT A

# EXHIBIT A

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Amy Hogue

Electronically FILED by Superior Court of California, County of Los Angeles on 11/23/2021 04:19 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
LAUNA ADOLPH (SBN 227743)
KAYVON SABOURIAN (SBN 310863)
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff PASSION
GABOUREL, individually and on behalf of
all others similarly situated

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| PASSION GABOUREL, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> LUXOTTICA OF AMERICA INC. d/b/a LENSCRAFTERS, an Ohio corporation; LUXOTTICA RETAIL NORTH AMERICA, INC., a business entity of unknown form; and DOES 1 through 50, inclusive, <br><br> Defendants | CASE NO. 21STCV43173 <br><br> **CLASS ACTION** <br><br> **COMPLAINT:** <br><br> 1. Failure to Provide Meal Periods <br> 2. Failure to Authorize and Permit Rest Periods <br> 3. Failure to Pay Minimum Wages <br> 4. Failure to Pay Overtime Wages <br> 5. Failure to Furnish Accurate Itemized Wage Statements <br> 6. Failure to Maintain Required Records <br> 7. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties <br> 8. Unfair and Unlawful Business Practices <br> 9. Representative Action for Penalties under the Labor Code Private Attorneys General Act <br><br> **DEMAND FOR JURY TRIAL** |

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

1

CLASS AND REPRESENTATIVE ACTION
COMPLAINT

Plaintiff PASSION GABOUREL ("PLAINTIFF"), individually and on behalf of all others similarly situated, hereby alleges as follows:

## INTRODUCTION

1.      PLAINTIFF brings this action on behalf of herself and all other similarly-situated non-exempt employees of defendants LUXOTTICA OF AMERICA INC. d/b/a LENSCRAFTERS ("LUXOTTICA"), LUXOTTICA RETAIL NORTH AMERICA, INC. ("LUXOTTICA N.A.") and DOES 1 through 50, inclusive (collectively, "DEFENDANTS"), in the State of California during the relevant statutory period to recover, among other things, unpaid compensation arising from DEFENDANTS' failure to provide employees meal and rest periods (or compensation therefor) as required under California law, unpaid minimum and overtime wages, and unreimbursed business expenses.   PLAINTIFF also seeks penalties, interest, attorneys' fees, costs and expenses, and restitutionary and injunctive relief.

## JURISDICTION AND VENUE

2.      The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFF is a citizen and resident of the State of California and DEFENDANTS are qualified to do business and regularly conduct business in California.  Further, no federal question is at issue because the claims are based solely on California law.

3.      Venue is proper in this judicial district and County of Los Angeles because PLAINTIFF and other persons similarly situated performed work for DEFENDANTS in the County of Los Angeles, DEFENDANTS maintain offices and facilities and transact business in County of Los Angeles, and DEFENDANTS' illegal policies and practices which are the subject of this action were applied, at least in part, to PLAINTIFF and other persons similarly situated in County of Los Angeles.

## THE PARTIES

4.      PLAINTIFF is a resident of the State of California and employee of DEFENDANTS.

5.      PLAINTIFF brings this action on behalf of herself and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

2

CLASS AND REPRESENTATIVE ACTION
COMPLAINT

employees of DEFENDANTS in the State of California at any time from May 29, 2017, to the date this action settles or proceeds to final judgment (the "CLASS PERIOD").  PLAINTIFF reserves the right to name additional class representatives.

6.      PLAINTIFF is informed and believes, and thereon alleges, that LUXOTTICA is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Ohio.   PLAINTIFF is further informed and believes, and thereon alleges, that LUXOTTICA is authorized to conduct business, maintains offices and facilities, conducts business, and engages in illegal policies or practices in the County of Los Angeles.

7.      PLAINTIFF is informed and believes, and thereon alleges, that LUXOTTICA N.A. is, and at all times relevant hereto was, a business entity of unknown form.  PLAINTIFF is further informed and believes, and thereon alleges, that LUXOTTICA N.A. is authorized to conduct business, and does conduct business, in the State of California.    Specifically, LUXOTTICA N.A. maintains offices and facilities, conducts business, and engages in illegal policies or practices in the County of Los Angeles.

8.      The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sue such DOE defendants under fictitious names.  PLAINTIFF is informed and believes, and thereon alleges, that each defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF and other CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE defendants.  PLAINTIFF will seek leave of Court to amend this Complaint to allege their true names and capacities of such DOE defendants when ascertained.

9.      At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFF and other CLASS MEMBERS.  PLAINTIFF is informed and believes, and thereon alleges, that at all relevant times DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible,

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

3

CLASS AND REPRESENTATIVE ACTION
COMPLAINT

of each other.  Each defendant was completely dominated by his, her, or its co-defendant, and each was the alter ego of the other.

10.     At all relevant times, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied.  In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and other CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to provide meal periods; failing to authorize and permit rest breaks; failing to pay minimum and overtime wages; failing to provide accurate itemized statements; failing to maintain required records; and failing to compensate PLAINTIFF and other CLASS MEMBERS for necessary expenditures, in violation of the California Labor Code and the applicable Industrial Welfare Commission ("IWC") Wage Order.

11.     PLAINTIFF is informed and believes, and thereon alleges, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

12.     As a direct and proximate result of DEFENDANTS' unlawful actions, PLAINTIFF and other CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION ALLEGATIONS

13.     This action is appropriately suited for a class action because:

a.      The potential class is of a significant number.  Joinder of all current and former employees individually would be impracticable.

b.      This action involves common questions of law and fact because the action focuses on DEFENDANTS' illegal practices and policies, which are applied to all non-exempt

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

4

CLASS AND REPRESENTATIVE ACTION
COMPLAINT

employees in violation of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

c.      PLAINTIFF's claims are typical of the claims of the class because DEFENDANTS subjected all non-exempt employees to the same violations of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code.

d.      PLAINTIFF will fairly and adequately protect the interests of all CLASS MEMBERS.

e.      A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

**FIRST CAUSE OF ACTION**

**Failure to Provide Meal Periods**

**[Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 7-2001 § 11]**

**(Against all DEFENDANTS)**

14.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 13.

15.    During the CLASS PERIOD, DEFENDANTS had, and continue to have, a policy and practice of failing to provide PLAINTIFF and CLASS MEMBERS full and timely meal periods as required by California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 7-2001 § 11.

16.    As a result of DEFENDANTS' policies and practices as alleged herein, PLAINTIFF and CLASS MEMBERS regularly have been, and continue to be, denied the opportunity to take full, uninterrupted, and timely meal periods as required under California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 7-2001 § 11.

17.    DEFENDANTS violated, and continue to violate, California Labor Code § 226.7 and IWC Wage Order No. 7-2001 § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of compensation for each work day that a meal period was not provided.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

5

CLASS AND REPRESENTATIVE ACTION
COMPLAINT

18.     As a direct and proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount according to proof at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief due to DEFENDANTS' violations of the California Labor Code and IWC Wage Order No. 7-2001.

## SECOND CAUSE OF ACTION

### Failure to Authorize and Permit Rest Periods

### [Cal. Labor Code § 226.7; IWC Wage Order No. 7-2001 § 12]

### (Against all DEFENDANTS)

19.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 18.

20.     During the CLASS PERIOD, DEFENDANTS had, and continue to have, a policy and practice of failing to authorize and permit PLAINTIFF and CLASS MEMBERS to take rest breaks as required by California Labor Code § 226.7 and IWC Wage Order No. 7-2001 § 12.  As a result of DEFENDANTS' policies and practices as alleged herein, PLAINTIFF and CLASS MEMBERS regularly have been, and continue to be, denied the opportunity to take full, uninterrupted, and timely rest periods as required under California Labor Code § 226.7 and IWC Wage Order No. 7-2001 § 12.

21.     DEFENDANTS violated, and continue to violate, California Labor Code § 226.7 and IWC Wage Order No. 7-2001 § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of compensation for each work day that a rest period was not provided.

22.     As a direct and proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount according to proof at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief due to DEFENDANTS' violation of the California Labor Code and IWC Wage Order No. 7-2001.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

6

CLASS AND REPRESENTATIVE ACTION
COMPLAINT

## THIRD CAUSE OF ACTION

### Failure to Pay Minimum Wages

### [Cal. Labor Code §§ 1194, 1197; IWC Wage Order No. 7-2001 § 4]

### (Against all DEFENDANTS)

23.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 22.

24.    Pursuant to California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 7-2001 § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

25.    During the CLASS PERIOD, DEFENDANTS failed, and continue to fail, to pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, suffering, or permitting PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, suffering, or permitting PLAINTIFF and CLASS MEMBERS to work during meal breaks without compensation; illegally and inaccurately recording time worked by PLAINTIFF and CLASS MEMBERS; and other methods to be discovered.

26.    DEFENDANTS' conduct described herein violates, and continues to violate, California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 7-2001 § 4.  As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194 and 1197.1 and other applicable provisions under the Labor Code and IWC Wage Order, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

///

///

///

///

///

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

7

CLASS AND REPRESENTATIVE ACTION
COMPLAINT

**FOURTH CAUSE OF ACTION**

**Failure to Pay Overtime Wages**

**[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 7-2001 § 3]**

**(Against all DEFENDANTS)**

27.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 26.

28.     Pursuant to California Labor Code §§ 510 and 1194 and IWC Wage Order No. 7-2001 § 3, an employer must compensate its employees for all overtime at a rate of one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive work day and at a rate of twice the regular rate of pay for all hours worked in excess of twelve (12) hours in any work day and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

29.     During the CLASS PERIOD, DEFENDANTS failed to compensate, and continue to fail to compensate, PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) times or double the regular rate of pay as provided by California Labor Code §§ 510, 511 and 1194 and IWC Wage Order No. 7-2001 § 3; requiring, suffering or permitting PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, suffering or permitting PLAINTIFF and CLASS MEMBERS to work during meal breaks without compensation; illegally and inaccurately recording time worked by PLAINTIFF and CLASS MEMBERS; and other methods to be discovered.

30.     In violation of California law, DEFENDANTS failed to pay PLAINTIFF and CLASS MEMBERS overtime wages for all hours worked.  As a direct and proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

8

CLASS AND REPRESENTATIVE ACTION
COMPLAINT

law, resulting in damages in amounts according to proof at time of trial and within the jurisdiction of this Court.

31.     DEFENDANTS' conduct described herein violated, and continues to violate, California Labor Code §§ 510, 511, 1194 and 1198 and IWC Wage Order No. 7-2001 § 3. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194 and 1197.1 and other applicable provisions under the California Labor Code and IWC Wage Order, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

**FIFTH CAUSE OF ACTION**

**Failure to Furnish Accurate Itemized Wage Statements**

**[Cal. Labor Code § 226; IWC Wage Order No. 7-2001, § 7]**

**(Against all DEFENDANTS)**

32.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 31.

33.     During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed, and continue to fail, to timely provide PLAINTIFF and CLASS MEMBERS with accurate itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 7-2001, § 7.

34.     During the CLASS PERIOD, PLAINTIFF and CLASS MEMBERS suffered, and continue to suffer, injury as a result of DEFENDANTS' failure to provide timely and accurate itemized wage statements, as PLAINTIFF and CLASS MEMBERS could not promptly and easily determine from the wage statement alone one or more of the following: the gross wages earned, the total hours worked, all deductions made, the net wages earned, and/or all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

9

CLASS AND REPRESENTATIVE ACTION
COMPLAINT

35.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon.  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

### SIXTH CAUSE OF ACTION

**Failure to Maintain Required Records**

**[Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 7-2001, § 7]**

**(Against all DEFENDANTS)**

36.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 35.

37.     During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under California Labor Code §§ 226 and 1174, and IWC Wage Order No. 7-2001, § 7, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

38.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon.  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available civil and statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

///

///

///

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

10                    CLASS AND REPRESENTATIVE ACTION
COMPLAINT

**SEVENTH CAUSE OF ACTION**

**Failure to Indemnify Employees for Necessary**

**Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

39.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 40.

40.     California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of her his or her duties, or of his or her obedience to the directions of the employer.

41.     During the CLASS PERIOD, DEFENDANTS failed, and continue to fail, to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for use of personal vehicles, cell phone usage, and other employment-related expenses, in violation of California Labor Code § 2802.

42.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b).   Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

**EIGTH CAUSE OF ACTION**

**Unfair and Unlawful Business Practices**

**[Cal. Bus. & Prof. Code § 17200, et seq.]**

**(Against all DEFENDANTS)**

43.     PLAINTIFF incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 42.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

11

CLASS AND REPRESENTATIVE ACTION
COMPLAINT

44.     Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure to provide meal periods; DEFENDANTS' failure to authorize and permit rest breaks; DEFENDANTS' failure to pay minimum and overtime wages; DEFENDANTS' failure to pay all wages due to discharged and employees; DEFENDANTS' failure to furnish accurate itemized wage statements; DEFENDANTS' failure to maintain required records; DEFENDANTS' failure to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurred in the discharge of their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200, et seq.

45.     DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

46.     DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order.  Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

47.     As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public.  DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

48.     DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

12

CLASS AND REPRESENTATIVE ACTION
COMPLAINT

from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

## NINTH CAUSE OF ACTION

**Representative Action for Civil Penalties**

**[Cal. Labor Code §§ 2698–2699.5]**

**(Against All DEFENDANTS)**

49.    PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in all preceding paragraphs, with exception of the allegations in paragraph 13 and the subparagraphs thereto.

50.    PLAINTIFF is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and is a proper representative to bring a civil action on behalf of herself and other current and former non-exempt employees of DEFENDANTS pursuant to the procedures specified in California Labor Code § 2699.3, because PLAINTIFF was employed by DEFENDANTS and one or more of the alleged violations of the California Labor Code were committed against PLAINTIFF.

51.    Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698–2699.5, PLAINTIFF seeks to recover civil penalties, including but not limited to penalties under California Labor Code §§ 2699, 210,  226.3, 558, 1174.5, 1197.1, and IWC Wage Order No. 7-2001, § 20, from DEFENDANTS in a representative action for the violations set forth above, including but not limited to violations of California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802.  PLAINTIFF also is entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

52.    Pursuant to California Labor Code §§ 2699.3, PLAINTIFF gave written notice on August 31, 2021, by online filing to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to DEFENDANTS of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

13

CLASS AND REPRESENTATIVE ACTION
COMPLAINT

to support the alleged violations.  More than sixty-five (65) days have passed and the LWDA has not provided notice to PLAINTIFF that it intends to investigate the alleged violations.

53.     Therefore, PLAINTIFF has complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, individually and on behalf of all other persons similarly situated, respectfully prays for relief against DEFENDANTS, and each of them, as follows:

1.     For compensatory damages in an amount to be ascertained at trial;

2.     For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from DEFENDANTS' unfair and unlawful business practices;

3.     For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 7-2001;

4.     For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5.     For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;

6.     For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 226(e) and 2698–2699.5;

7.     For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194 and 2802, California Civil Code §§ 3287 and 3288, and/or any other applicable provision providing for pre-judgment interest;

8.     For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2699 and 2802, California Civil Code § 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

9.     For declaratory relief;

10.    For an order certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action as a class action;

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

14

CLASS AND REPRESENTATIVE ACTION
COMPLAINT

11.     For an order appointing PLAINTIFF as class representative, and PLAINTIFF's counsel as class counsel; and

12.     For such further relief that the Court may deem just and proper.

DATED: November 23, 2021                    Respectfully submitted,

                                            **MATERN LAW GROUP, PC**

                                    By:     _____
                                            MATTHEW J. MATERN
                                            LAUNA ADOLPH
                                            KAYVON SABOURIAN
                                            Attorneys for Plaintiff PASSION GABOUREL,
                                            individually and on behalf of all others similarly
                                            situated

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

15                    CLASS AND REPRESENTATIVE ACTION
                              COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2      PLAINTIFF, individually and on behalf of all others similarly situated, hereby demands a

3  trial by jury on all issues so triable.

4

5  DATED: November 23, 2021                    Respectfully submitted,

6                                              **MATERN LAW GROUP, PC**

7

8                              By: _____

9                                      MATTHEW J. MATERN
                                        LAUNA ADOLPH
10                                      KAYVON SABOURIAN
                                        Attorneys for Plaintiff PASSION GABOUREL,
11                                      individually and on behalf of all others similarly
                                        situated

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

16

CLASS AND REPRESENTATIVE ACTION
COMPLAINT