UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:22-cv-00471-FWS-MAA                                     Date: June 23, 2023

Title: Passion Gabourel v. Luxottica of America d/b/a Lenscrafters *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                              Attorneys Present for Defendant:

Not Present                                                              Not Present

**PROCEEDINGS: ORDER RECONSIDERING AND GRANTING DEFENDANT'S MOTION TO STAY PENDING APPEAL [42]**

On August 30, 2022, Defendant Luxottica of America Inc. ("Defendant") filed a motion to compel arbitration. (Dkt. 26.) The matter was fully briefed, (*see* Dkts. 27, 28), and the court held oral argument on October 6, 2022, (Dkt. 31). The court denied the motion to compel arbitration on January 27, 2023. (Dkt. 33.) Defendant filed a notice of appeal of the Order denying the motion to compel arbitration on February 27, 2023. (Dkt. 39.) On March 23, 2023, Defendant filed a motion seeking to stay the case pending a decision on its appeal of the order denying its motion to compel arbitration. (Dkt. 42.)

On May 17, 2023, the court denied Defendant's Motion to Stay Pending Appeal. (Dkt. 63 ("May 17, 2023, Order").) In the May 17, 2023, Order, the court noted:

> [T]he United States Supreme Court recently granted a petition for a writ of certiorari to resolve the following question: "Does a non-frivolous appeal of the denial of a motion to compel arbitration oust a district court's jurisdiction to proceed with litigation pending appeal, as the Third, Fourth, Seventh, Tenth, and Eleventh and D.C. Circuits have held, or does the district court retain discretion to proceed with litigation while the appeal is pending, as the Second, Fifth, and Ninth Circuits have held?" *See* Joint Petition for a Writ of Certiorari at i, *Coinbase, Inc. v. Bielski*, 2022 WL 3107708, at *1 (July 29, 2022).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:22-cv-00471-FWS-MAA                                   Date: June 23, 2023
Title: Passion Gabourel v. Luxottica of America d/b/a Lenscrafters *et al.*

> However, "unless the Supreme Court holds otherwise," the courts in the Ninth Circuit remain "bound to [its] precedent in *Britton* on this issue." *Matter of Giga Watt, Inc.*, 2022 WL 17883793, at *1 n.1 (9th Cir. Dec. 23, 2022).

(Dkt. 63 at 2 n.1.)

On June 23, 2023, the Supreme Court issued its opinion in *Coinbase, Inc. v. Bielski*, 599 --- U.S.----, 2023 WL 4138983 (2023). There, the Supreme Court held "a district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing." *Coinbase*, 2023 WL 4138983, at *3; *see also id.* at *7 ("We conclude that, after Coinbase appealed from the denial of its motion to compel arbitration, the District Court was required to stay its proceedings.").

Given this intervening change in controlling law, the court *sua sponte* reconsiders its May 17, 2023 Order. *See United States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004) ("[A] district court may reconsider its prior rulings so long as it retains jurisdiction over the case."); *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) ("[A]s long as a district court has jurisdiction over the case, then it posesses the inherent procedural power to reconsider, rescind, or modify an interluroty order for cause seen by it to be sufficient.") (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)); *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 313 F.3d 1041, 1046 (9th Cir. 2003) ("Whether or not to grant reconsideration is committed to the sound discretion of the court.") (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

Accordingly, the court **GRANTS** Defendant's motion to stay and **STAYS** all proceedings pending the Ninth Circuit's decision on Defendant's appeal.

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku